Battle, J.
 

 The case of
 
 Tucker
 
 v.
 
 Tucker,
 
 5 Ire. Rep. 161, decides that the executor to a will which contains devises of real' estate, as well as bequests of personalty, may, if he has no interest in ihe devise of the real estate, attest the paper writing as a subscribing witness, and may prove it as a will of realty. As between the devisee and heir he can have no interest in the event of the issue of
 
 devisavit vel non,
 
 when the scrip is propounded as a will of lands ; and he is competent to testify upon the trial of such issue, though he may not have renounced his executorship. The witness, Thomas Isbell, was, then, competent for the pur
 
 *457
 
 pose, for which he was offered, of proving the paper writing of 1830 as a will of realty, and the Court, erred in rejecting him as such.
 

 We think the Court erred also in instructing the jury that the testimony of Abram Sudderth was insufficient to prove that paper writing as a will of personalty. It is true that the delarations of the testator, made to him in 1849, did not amount to a republication of the will at that time ; but it certainly was pertinent, and if believed, strong testimony to show that the testator had made and published it as his testament at the time it bore date. Our conclusion then is, that the plaintiff is entitled to have another trial of the issue which was found against her.
 

 This conclusion renders it unnecessary for us to notice the questions relating to the paper writing alleged to have been executed by the testator as his will in the year 1849. Those questions are not very explicitly stated in the bill of exceptions, and we are not sure that we understand them. Indeed it is suggested that a mistake was inadvertently committed, in stating that his Honor “thought, and so charged, that as the wills were the same in the disposition of the property, and no change except as to one executor, the last will did
 
 not
 
 of itself in law revoke the first.” This, however, is not now a matter of much consequence, as upon the next trial the last paper will no doubt be again offered, and its legal operation and effect upon the one now in contest be properly explained and declared by the Court.
 

 PeR Curiam. Judgment reversed, and a
 
 venire de novo
 
 ordered.